Arnold R. CLARK, Plaintiff,

v.

ASSOCIATES COMMERCIAL CORP., A
Delaware Corporation, Defendant
and Third–Party Plaintiff,

v.

Bob HOWARD d/b/a H & J Rec Auto, Inc.;
Clark Investigation & Recovery, Inc.;
Randall Wayne Lett; and such other
unknown third parties as were liable for
any occurrence in Knoxville, Tennessee,
Third–Party Defendants.

Civ. A. No. 92–1325–MLB.

United States District Court,
D. Kansas.

Nov. 30, 1994.

See also 870 F.Supp. 1011.

W. Thomas Gilman, Martin R. Ufford,
Redmond, Redmond & Nazar, Wichita, KS,
for Arnold R. Clark.

Eric D. Bruce, Kenneth H. Jack, Bruce &
Davis, Wichita, KS, for Associates Commercial, Corp.

William R. Sampson, Paul W. Rebein,
Shook, Hardy & Bacon, Overland Park, KS,
for Shook Hardy & Bacon.

Bryce A. Abbott, Natalie G. Haag, Wallace, Saunders, Austin, Brown & Enochs,
Chartered, Wichita, KS, for Clark Investigation & Recovery, Inc., Randall Wayne Lett.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendant Associates Commercial Corporation's
motion to compel production of psychological
test results (Doc. 228) pursuant to Federal
Rules of Civil Procedure 34 and 37.

The present case arises out of an alleged
breach of peace repossession. Plaintiff allegedly suffered physical and mental injuries as
a result of an altercation he had with third-party defendant Randall Wayne Lett while
Lett was attempting to repossess plaintiff's
tractor-trailer rig.

The discovery dispute presently at hand concerns plaintiff's claims of mental injuries. Plaintiff's amended complaint includes a claim for "mental anguish," (Doc. 157, ¶ 26), as well as a cause of action for "outrage" or intentional infliction of severe emotional distress, (Doc. 157, ¶¶ 30–32). During his deposition in April 1993, counsel for Associates inquired about these allegations of mental and emotional harm. At one point, plaintiff and plaintiff's counsel indicated that plaintiff had seen a psychiatrist subsequent to his altercation with Lett. Plaintiff's counsel refused, however, to disclose the identity of this psychiatrist on work product grounds. (Doc. 229, App. A). Subsequently, in answers to Associates's second set of interrogatories, plaintiff acknowledged that this unidentified psychiatrist had some "notes and testing results." (Doc. 229, App. B). When asked to produce "[a]ll reports, letters or written memoranda from psychiatrists or psychologists seen by plaintiff within the last ten years," however, plaintiff's counsel refused to hand over the unidentified psychiatrist's notes and testing results. (Doc. 236, p. 5). Associates consequently filed this motion seeking to compel their production.

Plaintiff objects to the production of the unidentified psychiatrist's test results on two grounds: (1) that Associates did not actually seek disclosure of any "test results" in its request for production, and (2) that the test results are work product not subject to disclosure under Federal Rule of Civil Procedure 26(b)(4)(B).

### A. Does Associates's request for production encompass the unidentified psychiatrist's test results?

■ Plaintiff argues that Associates has never requested that he produce the unidentified psychiatrist's test results prior to this motion to compel. According to plaintiff, the unidentified psychiatrist did not prepare any "report" or "written memoranda" of his test

results within the meaning of Associates's request for production. Plaintiff contends that, since he has never refused to comply with a discovery request concerning the psychiatric tests, there is no basis for the court to grant an order compelling their production.

As plaintiff notes, Associates failed to attach to its motion a copy of the specific discovery request for which it seeks an order to compel as required by Local Rule 210(f). In its reply brief, however, Associates contends that the test results of the unidentified psychiatrist "constitute written memoranda covered by the Request for Production of Documents," referring to the particular request for production quoted *supra* and in plaintiff's response brief: "All reports, letters or written memoranda from psychiatrists or psychologists seen by plaintiff within the last ten years." (Doc. 239, p. 2; Doc. 236, p. 5).

The court agrees with Associates that the language in this particular request for production encompasses any written records of psychiatric test results conducted by the unidentified psychiatrist.[1] Such written records are not only "written memoranda" but also arguably "reports" within the meaning of Associates's request for production. Associates was not required to make specific reference to "test results" in its discovery requests.

The court accordingly rejects plaintiff's argument that Associates has never requested that he produce the psychiatric test results.

### B. Are the test results subject to disclosure under Federal Rule of Civil Procedure 26(b)(4)(B)?

■ Plaintiff argues that, even if Associates did request production of the psychiatric test results, those test results are "privileged work product." According to plaintiff's response brief, plaintiff's counsel hired the unidentified psychiatrist as a "consultant"

---

1. Although plaintiff maintains that "no report regarding plaintiff's medical condition was prepared as a result of the psychiatric testing," (Doc. 236, p. 7), the court believes it can safely assume that some written record of the test results exists. Plaintiff has himself referred to the unidentified psychiatrist's materials as "notes and test results," clearly suggesting that there are written records. Plaintiff has not indicated that there is no written record of the tests, and, as Associates points out, it would be highly unusual for a psychiatrist not to have kept such written records.

shortly after this action was filed in order to assist in the preparation of plaintiff's case, but later decided not to call the psychiatrist as a witness. Plaintiff maintains that the psychiatrist's notes and test results have not and will not be used by plaintiff's new expert. Plaintiff contends that there is therefore no compelling reason for Associates to review the former consultant's test results.

Associates counters that there are "exceptional circumstances" which warrant the disclosure of the psychiatric test results under Federal Rule of Civil Procedure 26(b)(4)(B) (1987 amendment), which provides: [2]

> A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at the trial, only as provided in Rule 35(b) or *upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the subject by other means.*

(emphasis added). According to Associates, it would be "impracticable" and, indeed, impossible for it to obtain the facts it now seeks to discover by any means other than disclosure by plaintiff. Associates notes that the unidentified psychiatrist conducted his tests almost a year before plaintiff's new expert diagnosed plaintiff as having a mental disorder. Hence, the previous psychiatrist's test results are the only available diagnostic indicators of plaintiff's mental condition during a period of time closer to the repossession incident, and they could aid considerably in proving or disproving the new expert's diagnosis.

The court agrees with Associates's characterization of the unidentified psychiatrist's test results and their potential probative value. The court perceives no other means by which these facts could be uncovered. In the court's view, this is the classic situation for Rule 26(b)(4)(B) to be invoked. Plaintiff is attempting to hide potentially relevant, and undoubtedly unfavorable, non-opinion evidence developed during preparation of his case which is otherwise completely unavailable to the other party.

**IT IS ACCORDINGLY ORDERED** that defendant Associates Commercial Corporation's motion to compel production of the psychological test results (Doc. 228) is hereby granted.

---

**2.** This action was commenced prior to the effective date (December 1, 1993) of the amendments to the Federal Rules of Civil Procedure. Hence, the 1987 amended version of Rule 26 applies in the present case.